## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JOSHUA W.,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **MARTIN J. O'MALLEY,** <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **Case No. 2:23-cv-00557** <br><br> **REPORT & RECOMMENDATION** <br><br> **District Court Judge Tena Campbell** <br><br> **Magistrate Judge Dustin B. Pead** |

## I.  INTRODUCTION

Plaintiff  Joshua W.[1] ("Plaintiff") seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability and supplemental security income under the Social Security Act ("Act").[2] After careful review of the entire record along with the parties' briefs,[3] the Court finds the Commissioner's decision is legally sound and supported by substantial evidence.[4] Accordingly, for the reasons set forth herein, the court recommends that Plaintiff's Motion for Review of Agency Action be denied.[5]

---

[1] Based on privacy concerns regarding sensitive personal information, the court uses only the first name and initial of the last name of the non-governmental party in this case. Privacy concerns are inherent in many of the Federal Rules. *See*, Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] 42 U.S.C. § 405(g).

[3] ECF No. 11, Plaintiff's Motion for Review of Agency Action; ECF No. 15, Commissioner's Memorandum in Opposition to Motion for Review of Agency Action. Plaintiff did not file a Reply Memorandum and the time within which to do so has expired. *See*, ECF No. 12, Motion to Amend Administrative Appeal Scheduling Order; ECF No. 13, Order granting Motion for Enlargement of Time to Respond extending Plaintiff's Reply date to February 5, 2024.

[4] ECF No. 8-2, November 2, 2022, Social Security Administration Decision.

[5] ECF No. 11.

## II.  <u>BACKGROUND</u>

Plaintiff applied for disability insurance benefits in February 2021, alleging a disability onset date of November 15, 2020.[6]  Plaintiff's claim was denied initially[7] and upon reconsideration.[8] Thereafter, Plaintiff filed a request for hearing and a telephonic hearing was held on October 4, 2022, before Administrative Law Judge ("ALJ") MaryKay Rauenzahn.[9] On November 2, 2022, ALJ Rauenzahn issued a written Decision denying Plaintiff's disability claim.[10]

As set forth in the Decision, at Step 2 of the sequential evaluation process, the ALJ found that Plaintiff had the severe medically determinable impairments of bipolar disorder, autism spectrum disorder and borderline intellectual functioning.[11] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment[12] and concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> claimant can understand, remember and carry out simple instructions and tasks. The claimant can have occasional public contact, but cannot work one-on-one with the public, and occasional direct coworker

---

[6] ECF No. 8-2.

[7] Certified Administrative Transcript ("Tr.") 108-112 (SSI); Tr. 113-117 (Disability).

[8] Tr. 124-126 (SSI); Tr. 127-131 (Disability).

[9] *Id.*

[10] *Id.*

[11] *Id.* at 10; 20 C.F.R. § 416.1520(c); 20 C.F.R. § 416.920(c). Citations are to 2022 edition of the Code of Federal Regulations (C.F.R.) which governs DIB claims. DIB citations (found in 20 C.F.R. § 404) have parallel SSI citations (found in 20 C.F.R. § 416), which are not cited herein.

[12] *Id.*; 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525, 20 C.F.R. § 404.1526; 20 C.F.R. § 416.920(d); 20 C.F.R. § 416.925 and 20 C.F.R. § 416.926.

interaction, with no group tasks. (There is no limit on incidental coworker contact). The claimant should perform only low stress work, which is defined as requiring only occasional changes in routine work setting, occasional changes in work duties, occasional, simple, work-related decision making and no work on a moving conveyor belt. He cannot perform work that requires hourly quotas. The claimant should have no concentrated exposure to moving mechanical parts and high, exposed place hazards . . . Jobs should require no more than simple math, such as addition, subtraction, tallying, and multiplication and division with calculator available. (Work on cash register/POS system is not limited.)[13]

At Step 4, the ALJ found Plaintiff was capable of performing his past relevant work as a plasma processing centrifuge operator[14] because the work did not require the performance of work-related activities that were precluded by Plaintiff's RFC.[15] After considering the Vocational Expert's ("VE") testimony, the ALJ went on to conclude that, in addition to Plaintiff's past relevant work, there were additional jobs in the national economy that Plaintiff could successfully adjust to based on his age, education, work experience and RFC.[16] Those jobs included merchandise marker,[17] housekeeping cleaner[18] and routing clerk.[19]

Based thereon, the ALJ found Plaintiff was not disabled from November 15, 2020, through November 2, 2022, and denied Plaintiff's claim.[20] The Appeals Council denied

---

[13] ECF No. 10-2 at 15.

[14] DOT 599.685-018 (light, skilled work with Specific Vocational Preparation of 2).

[15] ECF No. 10-2 at 20-21; 20 C.F.R. § 404.1565; 20 C.F.R. § 416.965.

[16] *Id.* at 21; 20 C.F.R. § 404.1569a; 20 C.F.R. § 416.969; 20 C.F.R. § 416.969a.

[17] DOT 209.587-034 (136,000 jobs exiting nationwide).

[18] DOT 323.687-014 (177,00 jobs existing nationwide).

[19] DOT 222.687-022 (117,000 jobs existing nationwide).

[20] *Id.* at 22-23.

Plaintiff's request for review of the ALJ's Decision[21] and Plaintiff's August 23, 2023, appeal to this court followed.[22]

### III.   STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to a determination of whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[23] A deficiency in either area is grounds for remand.[24]

Although the threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means---and means only---such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25] In considering the administrative record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for [that of] the [ALJ's]."[26] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[27]

### IV.   DISCUSSION

On appeal Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to address Dr. Jonathan Ririe's ("Dr. Ririe") 2010 consultative

---

[21] 20 C.F.R. § 404.981.

[22] ECF No. 1, Plaintiff's Complaint.

[23] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[24] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

[25] *Josue R. v. Kijakazi,* 2023 U.S. Dist. LEXIS 30662, at *6 (C.D. Cali Feb. 23, 2023) (*citing Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted)).

[26] *Hendron*, 767 F.3d at 954 (citation omitted).

[27] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

examination.[28] For the reasons now stated, the court disagrees and recommends affirmance of the Commissioner's decision.

A.      **The ALJ Properly Considered The Entire Record When Assessing Plaintiff's Residual Functional Capacity.**

Plaintiff asserts the ALJ erred in failing to discuss Dr. Ririe's December 8, 2010 consultative exam and, as a result, the ALJ's conclusion that Plaintiff is capable of working is in error.

In this case the relevant time frame for the ALJ's Decision is from November 15, 2020---Plaintiff's alleged disability onset date---through November 2, 2022---the date of the ALJ's Decision.[29] During that time period Dr. Ririe did not examine, meet with, or review any of Plaintiff's records. Rather, Dr. Ririe's December 8, 2010 examination was performed in conjunction with a prior claim for childhood disability benefits conducted when Plaintiff was 18 years old. At the time the ALJ issued the Decision in this case, significant changes had occurred. Plaintiff was 28 years old, had finished high school, worked in several jobs and completed work at substantially gainful levels.[30]

Nonetheless, even though Plaintiff's alleged onset of disability was not until 10 years after Dr. Ririe's examination, the ALJ was required and did, in fact, discuss and consider Dr. Ririe's report as part of the record.[31] While noting that Dr. Ririe's evaluation was "performed

---

[28] Tr. 387-92.

[29] ECF No. 8-2.

[30] Tr. 12-13, 16, 20-21, 31-43, 60.

[31] *Haynes v. Kijakazi,* 2022 U.S. Dist. LEXIS 95517 at *8 (W.D. Okla May 27, 2022) ("the caselaw in this Circuit is clear that the ALJ should consider medical evidence and opinions that predate the disability date.") (*citing Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated

relative to a previous application" predating Plaintiff's alleged disability onset date, the ALJ considered and discussed aspects of the Dr. Ririe's report detailing Plaintiff's history of Asperger's syndrome, borderline intellectual functioning and his full-scale IQ score.[32]

In addition to Dr. Ririe's examination, the ALJ's also evaluated the evidence regarding Plaintiff's functioning after his November 2020 disability onset date. In doing so, the ALJ reasonably concluded that Plaintiff's allegations regarding his inability to work were not entirely reliable since even after disability onset Plaintiff worked part-time as a fast-food cashier and continued to do so at the time of the October 2022 administrative hearing.[33] In turn, in reaching the conclusion that Plaintiff could perform a range of unskilled work with limited public contact, the ALJ properly considered the evidence of record highlighting the effectiveness of medications in stabilizing Plaintiff's mood, Plaintiff's ability to stay mentally focused and his medical exam results evidencing a clear thought process with normal reasoning capabilities.[34]

For these reasons, the court finds the ALJ properly considered all of the record evidence in reaching his conclusion that Plaintiff could perform his past relevant work, in addition other available work, and was therefore not disabled under the Act.

---

periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ")); *see also Reeves v. Kijakazi,* 2021 U.S. Dist. LEXIS 220955 at *10 (W.D. Okla. Nov. 16, 2021) ("Although this record is from nearly two years prior to the alleged onset date, it is still relevant and the ALJ should have addressed it")).

[32] ECF No. 8-2 at 14 (*citing* Exhibit 1F, Dr. Ririe's December 8, 2010 Report); *Id.* at 16; *Id.* at 20. *Id.* at 17.

[33] 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did").

[34] Tr. 18-19; Tr. 44; Tr. 47; Tr. 414; Tr. 459; Tr. 464; Tr. 466; *Wilson v. Astrue,* 602 F.3d 1136, 1145-46 (10th Cir. 2010) (ALJ reasonably found plaintiff's complaints of disability were not consistent with the medical and other evidence).

## V.  <u>**RECOMMENDATION**</u>

The Court finds the Commissioner's Decision to be legally sound and supported by substantial evidence. Accordingly, the Court RECOMMENDS to the District Court that the Commissioner's decision be affirmed and that Plaintiff's Motion for Review of Administrative Action be denied.[35]

The Clerk's Office is directed to mail a copy of this Report and Recommendation to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of receiving a copy, Plaintiff may file his written objections.[36] A failure to do so may constitute waiver of objections upon subsequent review.

Dated this 15th day of February, 2024.

_____
DUSTIN B. PEAD
Chief United States Magistrate Judge

---

[35] ECF No. 11.

[36] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).